UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JULIO C MARTINEZ SERNA,

    Plaintiff,

v.                                  Case No: 2:21-cv-237-SPC-MRM

BAILEY FARMS SOUTH, LLC,

    Defendant.
_____/

## **ORDER**[1]

Before the Court is Plaintiff Julio Martinez Serna's emergency Ex Parte Application for Entry of Temporary Restraining Order and Preliminary Injunctive Relief (Doc. 2) filed today. Martinez Serna alleges he was fired by Defendant Bailey Farms South, LLC in violation of the Fair Labor Standards Act ("FLSA"), Title VII, and his contract after his supervisor inappropriately touched him.

The granting of "a preliminary injunction in advance of trial is an extraordinary remedy." *Bloedorn v. Grube*, 631 F.3d 1218, 1229 (11th Cir.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

2011). In addition to the usual requirements for injunctive relief, a district court may issue an *ex parte* temporary restraining order ("TRO"),

> only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). These requirements acknowledge "that informal notice and a hastily arranged hearing are to be preferred to no notice or hearing at all." *Granny Goose Foods, Inc. v. Bhd. of Teamsters and Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 432 n.7 (1974). The Supreme Court has further recognized "a place in our jurisprudence for *ex parte* issuance, without notice, of temporary restraining orders of short duration" but not "where no showing is made that it is impossible to serve or to notify the opposing parties and to give them an opportunity to participate." *Carroll v. President & Comm'rs of Princess Anne*, 393 U.S. 175, 180 (1968).

As the Court sees it, Martinez Serna has several problems with the TRO.

First, the TRO is procedurally improper. To get this extraordinary remedy, a movant must certify "in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). Such certification is lacking here. This is particularly problematic for Martinez

2

Serna, who bases the TRO (in part) on a letter he received from Bailey Farms' lawyer on Monday, March 15, warning him of his impending eviction. Yet on this record, there is no suggestion Martinez Serna reached out to Bailey Farms before filing this suit or the instant TRO. On its own, that is enough reason to deny the motion. *E.g.*, *Night Owl SP, LLC v. Dongguan Auhua Elecs. Co. Ltd.*, No. 2:19-cv-109-FtM-38UAM, 2019 WL 1976447, at *1 (M.D. Fla. Mar. 4, 2019).

Second, Martinez Serna has pleading deficiencies. To start, his Complaint is a shotgun pleading with Count 2 realleging and reincorporating Count 1 along with all preceding facts. So the Court dismisses the Complaint without prejudice. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-96 (11th Cir. 2018). More importantly, Martinez Serna blends his causes of action in the Complaint and briefing under the FLSA, Title VII, and Florida common law without clearly articulating his legal theories or what supports them. This does not meet the federal pleading standards to provide a "short and plain statement of the claim" to put Bailey Farms on notice. *Id.* (citation omitted).

And third, Martinez Serna bears a heavy burden to obtain an *ex parte* TRO—which he did not carry. By collapsing his unrelated theories into one for purposes of the TRO, the Court is left scurrying to identify the precise basis on which a TRO is necessary or how Martinez Serna has a substantial likelihood of success on the merits. The Court understands the TRO was filed hurriedly

3

given time constraints. However, that does not lessen the extraordinary nature of what Martinez Serna seeks nor the significant burden he must carry.

Accordingly, it is now

**ORDERED:**

(1) Plaintiff's Ex Parte Application for Entry of Temporary Restraining Order and Preliminary Injunctive Relief (Doc. 2) is **DENIED without prejudice**.

(2) The Complaint (Doc. 1) is **DISMISSED without prejudice** on shotgun pleading grounds. Plaintiff must file an amended complaint **on or before April 2, 2021**. **The failure to file a timely amended complaint will result in the closure of this case without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida on March 19, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record